UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Abdullah M. Muslim,**

    **Movant,**

    **v.**

**United States of America,**

    **Respondent.**

Case Nos. 2:08-cr-238 / 2:10-cr-64 / 2:10-cr-65

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

On October 11, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R"), ECF No. 42, recommending that the motion to vacate under 28 U.S.C. § 2255, ECF No. 41, be transferred to the United States Court of Appeals for the Sixth Circuit. Movant subsequently sought and received leave to file untimely Objections to that recommendation. ECF Nos. 44, 46, 47. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the following reasons, Movant's Objections, ECF No. 47, are **OVERRULED**. The R&R, ECF No. 42, is **ADOPTED** and **AFFIRMED**. This action is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

Movant was convicted of charges brought in three different actions that were ultimately consolidated. Case Nos. 2:08-cr-238; 2:10-cr-64; 2:10-cr-65. On December 20, 2011, Movant's sentence was upheld on appeal. On March 27, 2014, Movant filed a motion to vacate under § 2255 which was docketed in

Case No. 2:08-cr-238. That motion was dismissed as time-barred even though Movant argued that he was entitled to the actual innocence exception to the statute of limitations.

On May 7, 2018, Movant filed the *instant* motion to vacate under § 2255, which was docketed in Case No. 2:10-cr-65. In that second motion to vacate, Movant alleges that he received ineffective assistance of counsel when his counsel failed to investigate and present certain favorable factors during sentencing. ECF No. 41, at PAGE ID # 199. The Magistrate Judge concluded that the second motion was successive within the meaning of 28 U.S.C. § 2244(b) and recommended that this case be transferred to the Sixth Circuit. ECF No. 42.

Movant objects to that conclusion because he contends that in his prior "'Actual Innocence' Motion, [he] argued that he was actually innocent of the additional guns, etc. that increased his sentence," and that he now argues that his counsel was ineffective for "failing to argue the facts of his case." ECF No 47, at PAGE ID # 222. Movant further contends that his newly asserted ineffective assistance claim is "based on newly discovered evidence of a Fourth Circuit Precedent" and that his claim could not have been discovered prior to that decision. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA") enacted a ban on successive habeas

corpus petitions unless a circuit court of appeals grants a petitioner permission to proceed. 28 U.S.C. § 2244(b). Nevertheless, not every second-in-time or later habeas application is successive such that a petitioner must first obtain permission from a circuit court before proceeding in a district court. *In re: Wogenstahl*, 902 F.3d 621, 626–27 (6th Cir. 2018) (citing *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2017))). Indeed, district courts must determine whether a petition is second or successive in the first instance. See *In re: Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (remanding case so that the district court could determine in the first instance if a petitioner's claims were successive). To make such determinations, courts generally apply the abuse of the writ standard. *In re: Wogenstahl*, 902 F.3d at 627 (citing *In re: Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)). Under that standard, a numerically second petition is successive if it raises a claim that could have been raised in a previous petition but was not so raised either due to deliberate abandonment or inexcusable neglect. *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). A petition is not successive, however, if it raises a claim that was not yet ripe when a first petition was filed. *In re: Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. at 945–47). A claim is unripe when "the events giving rise to the claim had not yet occurred." *In re: Jones*, 652 F.3d 603, 605 (6th Cir. 2010).

The instant motion is a successive petition. Movant did not allege his ineffective assistance of counsel claim in his first motion to vacate. That claim was ripe, however, when the first motion was filed because counsel's alleged failure to "argue the facts of the case" had already occurred by the time the first motion was filed. Moreover, the Fourth Circuit case that Movant cites does not constitute a factual predicate for his claim. Rather, his counsel's performance constitutes the factual predicate. Because Movant's claim could have been, but was not raised in his initial motion, his current motion is successive and he must receive authorization from the Court of Appeals to proceed. The *instant* motion must be transferred to that Court. *In re: Simms*, 111 F.3d 45, 47 (6th Cir. 1997).

Pursuant to 28 U.S.C. § 2253(c)(1)(B) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must determine whether to issue certificate of appealability ("COA"). When a claim has been denied on the merits, a COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been

denied on procedural grounds, a COA may issue if the movant establishes that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate that Movant's *instant* motion is successive. Therefore, the Court **DECLINES** to issue a COA.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT